**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 175
Email: kbc@cjmlv.com
DARYL E. MARTIN, ESQ.
Nevada Bar No. 6375
Email: dem@cjmlv.com
LAURA J. WOLFF, ESQ
Nevada Bar No. 6869
Email: ljw@cjmlv.com
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel.: (702) 255-1718
Fax: (702) 255-0871
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| UNITE HERE HEALTH, by and through its fiduciary, Matthew Walker,<br><br>Plaintiff,<br><br>vs.<br><br>DESERT PALACE, INC. dba CAESAR'S PALACE, a Nevada corporation; BISTRO CENTRAL, LV, LLC dba CENTRAL 24/7, a Nevada limited liability company; CARL HALVORSON, individually; JOHN DOES I-X, inclusive; ROE ENTITIES I-X, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-0069-GMN-PAL<br><br>**STIPULATION AND ORDER WITHDRAWING MOTION TO STRIKE CERTAIN DEFENSES ASSERTED BY DESERT PALACE, INC.** |

IT IS HEREBY STIPULATED AND AGREED between counsel for Plaintiff UNITE HERE Health and for Defendant/Cross-Claimant Desert Palace, Inc. ("DPI") and for Defendants BISTRO CENTRAL, LV, LLC and CARL HALVORSON ("Bistro Defendants") that in order to avoid the expense of fully briefing the Court regarding issues raised by the Plaintiff in its Motion to Strike Defenses [Doc. #9] the Plaintiff will, within five (5) days after court approval of this Stipulation, amend the Complaint by revising its first cause of action to plead 29 U.S.C. § 1145

1  and to address certain concerns voiced by DPI.  (A copy of Plaintiff's First Amended Complaint

2  is included herewith as Exhibit A.)

3        Defendant DPI will, within five (5) days after the First Amended Complaint is filed,

4  submit its Second Amended Answer and Crossclaim in which DPI will omit the defenses listed

5  as numbers 5, 6, 7, 8 and 9 in DPI's Amended Answer and Crossclaim [Doc. #15], and in which

6  DPI will revise the text of the affirmative defense listed as no. 3 in the Amended Answer and

7  Crossclaim [Doc. #15].  (A copy of DPI's Second Amended Answer and Crossclaim is attached

8  as Exhibit B.)

9        The Bistro Defendants will, within five (5) days after the First Amended Complaint is

10  filed, submit a First Amended Answer to the First Amended Complaint in which they will omit

11  the affirmative defenses that appear as  numbers 3 and 4 in their original Answer.  (A copy of the

12  Bistro Defendants' First Amended Answer is attached as Exhibit C.)

13  . . .

14  . . .

15  . . .

16  . . .

17  . . .

18  . . .

19  . . .

20  . . .

21  . . .

22  . . .

23  . . .

24  . . .

25  . . .

26  . . .

27  . . .

28

-2-

1    Defendant Bistro Central, LV, LLC will file its answer to DPI's Second Amended

2    Answer and Crossclaim within five (5) days after DPI files its Second Amended Answer and

3    Crossclaim.

4    All parties agree that the Motion to Strike [Doc. #9] shall be withdrawn.

5    Dated:  April 10, 2013                                Dated:  April 10, 2013

6    CHRISTENSEN JAMES & MARTIN                 LITTLER MENDELSON, P.C.

7    By:  /s/ Daryl E. Martin                              By:  /s/ Dustin L. Clark
     Kevin B. Christensen, Esq.                            Rick D. Roskelley, Esq.
8    Daryl E. Martin, Esq.                                 Dustin L. Clark, Esq.
     Laura Wolff, Esq.
9
     Attorneys for Plaintiff                               Attorneys for Defendant
10   UNITE HERE HEALTH                                     DESERT PALACE, INC.

11

12   Dated:  April 10, 2013

13   JOLLEY URGA WIRTH WOODBURY & STANDISH

14   By:  /s/ Tyler Ure
     L. Christopher Rose, Esq.
15   Tyler Ure, Esq.

16   Attorneys for Defendants
     BISTRO CENTRAL, LV, LLC
17   and CARL HALVORSON

18

19                                             IT IS SO ORDERED.

20

21                                             _____

22                                             Gloria M. Navarro
                                               United States District Judge
23
                                               **DATED:  04/12/2013**
24

25

26

27

28

                                    -3-

# Exhibit A

# Exhibit A

1

**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.

2
Nevada Bar No. 175
Email: kbc@cjmlv.com

3
DARYL E. MARTIN, ESQ.
Nevada Bar No. 6375

4
Email: dem@cjmlv.com
LAURA J. WOLFF, ESQ

5
Nevada Bar No. 6869
Email: ljw@cjmlv.com

6
7440 W. Sahara Avenue
Las Vegas, Nevada 89117

7
Tel.:  (702) 255-1718
Fax:  (702) 255-0871

8
*Attorneys for Plaintiffs*

9

10
**UNITED STATES DISTRICT COURT**

11
**DISTRICT OF NEVADA**

* * * * *

12

13
UNITE HERE HEALTH, by and through its fiduciary, Matthew Walker,

Case No.:

14
Plaintiff,

[Proposed]
**AMENDED COMPLAINT FOR BREACH OF CONTRACT,  BREACH OF FIDUCIARY DUTY and INJUNCTIVE RELIEF**

15
vs.

16
DESERT PALACE, INC. dba CAESAR'S PALACE, a Nevada corporation; BISTRO

17
CENTRAL, LV, LLC dba CENTRAL 24/7, a Nevada limited liability company; CARL

18
HALVORSON, individually; JOHN DOES I-X, inclusive; ROE ENTITIES I-X, inclusive,

19

20
Defendants.

21
        COMES NOW the Plaintiff, UNITE HERE Health (formerly the HEREIU Welfare Fund)

22
("Welfare Fund"), acting by and through its fiduciary, Matthew Walker, and for its claims for

23
relief against Defendants, complains, alleges and asserts as follows:

24
**JURISDICTION & VENUE**

25
        1.      This Court has jurisdiction of this case pursuant to § 301(a) of the Labor-

26
Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)] and § 502(e) of the

27
Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. § 1132(e)(1)].

28

-1-

Pursuant to 28 U.S.C. § 1367 this Court has ancillary jurisdiction over any secondary causes of action.

2.     The Welfare Fund maintains an office for the purpose of administering benefits in Las Vegas Nevada, therefore venue is proper in this District pursuant to ERISA § 502(e)(2) [29 U.S.C. § 1132(e)(2)].

## PARTIES & GENERAL ALLEGATIONS

3.     The Welfare Fund is an express trust created pursuant to written declarations of trust, consistent with § 302(c) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)].

4.     At all times material herein, the Culinary Workers Union, Local 226, and/or Bartenders Union, Local 165 ("Unions") have been labor organizations representing employees in the hotel/casino and hospitality industries in southern Nevada.   The Unions are labor organizations representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].  At all times material herein the Local Joint Executive Board of Las Vegas has been a contracting agent for the Unions.

5.     Defendant Bistro Central, LV, LLC dba Central 24/7 ("Bistro") is a Nevada limited liability company doing business as a dining facility located inside Caesar's Palace at One Caesars Palace Drive, Las Vegas, Nevada.

6.     Defendant Carl Halvorson ("Halvorson") is an individual and is the controlling manager, member, shareholder, director, officer, principal, partner and/or key employee of Defendant Bistro.

7.     At all times material herein, Defendant Halvorson has been a member, manager, officer, director, owner, agent and/or individual whose employment duties with Bistro required decision making regarding the operations, hiring/firing of work force, directing labor relations, management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing

payroll and remittance reports, contributions and payments to the Welfare Fund for each hour of covered labor performed.

8.     At times material herein, Defendant Halvorson and/or John Does I-X and/or Roe Entities I-X were and are the alter-egos and/or guarantors of Defendant Bistro, and are jointly and severally liable for all of the Defendants' delinquencies, damages and obligations owed to the Welfare Fund.

9.     Defendant Desert Palace, Inc. dba Caesar's Palace ("Caesar's") is a Nevada corporation located at One Caesars Palace Drive, Las Vegas, Nevada.

10.     The true names and capacities, whether partnership, individual, corporate, associate or otherwise of Defendants John Does I-X, inclusive, and Roe Entities I-X, inclusive, are unknown to the Welfare Fund at this date.  Said Defendants are named herein by fictitious names, but may be responsible or liable to the Plaintiff by virtue of the actions hereinafter described and Plaintiff reserves the right to amend the Complaint to insert any additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

11.     On or about July 11, 2008, Caesar's executed and delivered that certain Collective Bargaining Agreement by and between Caesar's and the Local Joint Executive Board of Las Vegas ("Caesar's CBA" or "CBA"), whereby Caesar's agreed to be bound by the terms and conditions of Caesar's CBA, and by the terms and conditions of the Trust Agreement utilized to create the Welfare Fund, which terms are incorporated by reference into Caesar's CBA.  The Welfare Fund is an intended beneficiary of Caesar's CBA and the Trust Agreement.

12.     On or about November 1, 2011, Caesar's and Bistro executed and delivered that certain Memorandum of Agreement ("MOA") by and between Caesar's, Bistro and the Local Joint Executive Board, for and on behalf of the Unions, whereby it was agreed, among other things, that: (i) The employees employed in Culinary and Bartender positions at Bistro are included within the Unions' bargaining unit at Caesar's and are covered by the terms and conditions set forth in the Caesar's CBA in the same manner as other bargaining unit employees,

-3-

including those terms relating to the payment of fringe benefit contributions; (ii) Caesar's shall retain control of the terms and conditions of employment of the Bistro employees in bargaining unit jobs, and shall apply to them all of the terms and conditions of the Caesar's CBA; (iii) wage payroll functions are transferred to Bistro or its designee, including pay for benefit fund contributions because of hours worked by Bistro employees; and (iv) Caesar's shall be responsible for ensuring that any established violation of the Caesar's CBA or the MOA is properly remedied.

13.   At all times material herein, Bistro has been an affiliate, designee, assignee, agent and/or alter ego of Caesar's for purposes of performing wage and payroll functions, including pay for benefit fund contributions, for the employees employed in Culinary and Bartender positions at Bistro.

14.   At all times material herein, Caesar's and Bistro were obligated by Caesar's CBA, the MOA and the Trust Agreement to submit written reports to the Welfare Fund on a timely basis showing the identities of Bistro's Culinary and Bartender employees performing work covered by Caesar's CBA, the MOA and or Trust Agreement, and the number of hours worked by or paid to these employees.  Further, Caesar's and Bistro promised that they would pay fringe benefit contributions to the Welfare Fund on a monthly basis and at specified rates for each hour worked by or paid to Bistro employees covered by Caesar's CBA, the MOA or the Trust Agreement.  At all times material herein, Caesar's and Bistro were obligated to submit said monthly reports and pay said contributions to the Welfare Fund at their administrative office on or before the fifteenth (15th) day of each month following the work month in which hours of work covered by Caesar's CBA, MOA and/or the Trust Agreement were performed.

15.   Bistro has been habitually delinquent on its monthly fringe benefit contributions to the Welfare Fund dating back to the month of November 2011, when the MOA was first signed.

16.   Since March 2012, the Welfare Fund has repeatedly notified Bistro of its failure to timely remit the monthly reports and contributions.

-4-

17.     In October 2012, the Welfare Fund notified Caesar's of Bistro's delinquency for the months of July and August 2012.  Thereafter, Caesar's began to withhold room service and other associated charges that would otherwise have been paid by Caesar's to Bistro, and instead paid all or a portion of said withheld monies to the Welfare Fund in order to satisfy portions of the delinquency.

18.     On or about November 9, 2012, Caesar's made a payment to the Welfare Fund in the amount of $145,660.77 to satisfy Bistro's July delinquency and a portion of the August delinquency.  No other payments have been received by the Welfare Fund since the date of November 9, 2012.

19.     Bistro has reported but failed to pay contributions for the months of September, October and November work months resulting in a delinquency for unpaid contributions in the amounts of $262,923.78 owed to the Welfare Fund ("Current Delinquency").  Interest, liquidated damages and attorney's fees and costs have also accrued in an amount to be proved at trial and should be included in the Current Delinquency.  Additionally, work was performed during the December 2012 work month that has not been reported or paid.  The contributions owed for this and future work should be included in the Current Delinquency.

20.     To date, Defendants owe the Welfare Fund the sum of at least $266,039.24, plus an amount to be determined to cover reasonable attorneys' fees incurred, all as required by 29 U.S.C. § 1132(g) .

21.     Interest and liquidated damages will continue to accrue on all unpaid fringe benefit contributions until paid in full.

**FIRST CAUSE OF ACTION**
[Breach of Contract – 29 U.S.C. §§ 1132(g) & 1145 –Caesar's and Bistro]

22.     The Welfare Fund hereby restates and realleges the above allegations as though set forth fully herein.

23.     Defendants Caesar's and Bistro and have violated the terms of the CBA, MOA and Trust Agreement by failing to timely and accurately remit monthly contribution reports and

monthly fringe benefit contribution payments, as described above.

24.     Defendant Caesar's has violated the terms of the CBA, MOA and Trust Agreement by failing to apply the terms and conditions of the Caesar's CBA and MOA to Bistro employees in Culinary and Bartender positions, including pay for benefit fund contributions owed for hours worked by such employees, and by failing to ensure that Bistro's violations of the CBA and MOA, as set forth herein, are properly remedied.

25.     Defendants Caesar's and Bistro have violated the terms of the CBA, MOA, the Trust Agreement and 29 U.S.C. § 1145 by routinely and frequently failing to remit monthly fringe benefit contribution reports and payments to the Welfare Fund on time.

26.     At all times material herein, Defendants Caesar's and Bistro were the agent, partner, employee and/or alter-ego of each other, and in doing the things herein alleged, were acting within the course and scope of said agency, employment or relation, with the permission and consent of their co-Defendants, and they worked together as a single entity and enterprise, and they are jointly and severally liable to the Welfare Fund for the Current Delinquency.

27.     The Welfare Fund is entitled to recover from Defendants Bistro and Caesar's the amount of any and all unpaid fringe benefit contributions in an amount to be proven at trial.

28.     Pursuant to 29 U.S.C. § 1145 and 29 U.S.C. § 1132(g)(2), Defendants Bistro and Caesar's owe the Welfare Fund accrued interest at the rates established in the CBA, MOA and/or Trust Agreement on all unpaid fringe benefit contributions from the dates the sums were originally due to the Welfare Fund to the date of judgment and thereafter, until paid in full.

29.     Pursuant to 29 U.S.C. § 1132(g)(2), the Welfare Fund is entitled to recover from Defendants Bistro and Caesar's liquidated damages on all unpaid fringe benefit contributions at the rates set forth in the CBA, MOA and Trust Agreement in an amount to be proven at trial.

30.     Pursuant to the CBA, MOA, Trust Agreement and 29 U.S.C. § 1132(g)(2), the Welfare Fund is entitled to recover their reasonable attorney's fees and costs of suit.

31.     The Welfare Fund is entitled to recover a sum equal to the Current Delinquency, including any and all unpaid fringe benefit contributions and contract damages, plus accruing

interest, liquidated damages, attorney's fees, costs of suit and audit costs.

## SECOND CAUSE OF ACTION

[Breach of Fiduciary Duty - 29 U.S.C. §§ 1002, 1104, 1109 & 1132 – Defendant Carl Halvorson]

32.     The Welfare Fund hereby restates and realleges the above allegations as though set forth fully herein.

33.     Under the terms of the Welfare Fund's Trust Agreement, Plan Assets are defined as contributions due and owing to the Welfare Fund, whether or not actually paid to or received by the Trust:

"Contributions made or required to be made pursuant to a collective bargaining agreement, participation agreement or other agreement acceptable to the Trustees . . . are plan assets, whether or not they are received or collected by the Welfare Fund." Welfare Fund Declaration of Trust, Art. 5.03.

34.     Defendant Halvorson and one or more of the Doe and Roe Defendants ("Fiduciary Defendants") were the members, managers, officers, directors, owners, agents and/or individuals whose employment duties with Bistro required decision making regarding tracking employee hours, preparing and processing payroll and remittance reports, contributions and payments to the Welfare Fund for each hour of covered labor performed.  The Fiduciary Defendants exercised authority and control relating to the management or disposition of Trust assets.

35.     A "person is a fiduciary with respect to a plan to the extent" that he or she "exercises any authority or control respecting management or disposition of [plan] assets."  29 U.S.C. § 1002(21)(A)(i) and (iii).   The Fiduciary Defendants are therefore fiduciaries for purposes of ERISA, pursuant to the terms and provisions of the CBA, MOA, Trust Agreements, 29 U.S.C. §§ 1002, 1104 & 1109 and 29 C.F.R. § 2510.3-102.

36.     The actions of Fiduciary Defendants in failing to make required contributions to the Welfare Fund, materially harmed the Welfare Fund, placed the beneficiaries of the Welfare Fund at risk with regard to their benefits and constitute a breach of their respective fiduciary

duties to the Welfare Fund and their beneficiaries.

37.     The Welfare Fund is entitled to recover a sum equal to the Total Delinquency from the Fiduciary Defendants.

### THIRD CAUSE OF ACTION
[Injunctive Relief - 29 U.S.C. § 1132(a)(3) – Caesar's and Bistro]

38.     The Welfare Fund restates and realleges the above allegations as though set forth fully herein.

39.     The actions of the Defendants in failing to timely and accurately remit reports and contributions to the Welfare Fund, as described herein, constitute contract breaches and violations of ERISA [29 U.S.C. § 1001 et seq.].

40.     The contract breaches and ERISA violations identified above harm the Welfare Fund and place at risk the Welfare Fund's ability to provide required employee benefits to its participants and beneficiaries.

41.     The Welfare Fund's remedies at law are inadequate to compensate the Welfare Fund or its participants from past harm caused by the Defendants, or to protect the Welfare Fund or its participants from harm or the threat of future harm caused by similar future violations.

42.     The Welfare Fund is likely to prevail on the merits of its claims.

43.     The Welfare Fund is entitled to a Court Order requiring: (i) that Defendants Caesar's and  Bistro accurately report and remit contributions to the Welfare Fund for all employees performing labor covered by the CBA no later than the fifteenth (15th) day of the month following the month in which the work was performed; (ii) that Defendants Caesar's and Bistro immediately pay to the Welfare Fund all reported and admittedly owed unpaid contributions and related damages; (iii) that Defendant Caesar's ensure that Bistro violations of the CBA and MOA, as set forth herein, are properly remedied, including, if necessary, paying all past due contributions and related damages to the Welfare Fund; and (iv) that Defendants ensure that any and all violations of the CBA and MOA as described herein are appropriately addressed and will not continue in the future.

**PRAYER FOR RELIEF**

WHEREFORE, the Welfare Fund prays for judgment against the Defendants, and each of them, as follows:

1.      for a Court Order requiring: (i) that Defendants Caesar's and Bistro accurately report and remit contributions to the Welfare Fund for all employees performing labor covered by the CBA no later than the fifteenth (15th) day of the month following the month in which the work was performed; (ii) that Defendants Caesar's and  Bistro pay to the Welfare Fund all reported and admittedly owed unpaid contributions and related damages; (iii) that Defendant Caesar's ensure that Bistro's violations of the CBA and MOA, as set forth herein, are properly remedied, including, if necessary, paying all past due contributions and related damages to the Welfare Fund; and (iv) that Defendants ensure that any and all violations of the CBA and MOA as described herein are appropriately addressed and will not continue in the future.

2.      for unpaid fringe benefit contributions and damages for breach of contract and/or breach of fiduciary duty in an amount to be proved at trial;

3.      for accrued interest on any unpaid fringe benefit contributions;

4.      for liquidated damages in an amount to be proved at trial;

5.      for the Welfare Fund's reasonable attorney's fees incurred herein;

6.      for audit costs in an amount to be proved at trial;

7.      for the Welfare Fund's costs of suit incurred herein;

8.      for such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

9.      for such additional relief as the Court may deem just and proper.

DATED this ____th day of April, 2013.

CHRISTENSEN JAMES & MARTIN

By:  _/s/ Daryl E. Martin_____
     Daryl E. Martin, Esq.
     Nevada Bar No. 6375
     7440 W. Sahara Avenue
     Las Vegas, Nevada 89117
     Tel.: (702) 255-1718
     Fax: (702) 255-0871
     Email: dem@cjmlv.com

# Exhibit B

# Exhibit B

1   RICK D. ROSKELLEY, ESQ., Bar # 3192
    DUSTIN L. CLARK, ESQ., Bar # 10548
2   LITTLER MENDELSON, P.C.
    3960 Howard Hughes Parkway
3   Suite 300
    Las Vegas, NV  89169-5937
4   Telephone:    702.862.8800
    Fax No.:      702.862.8811
5   E-mail:       rroskelley@littler.com
    E-mail:       dclark@littler.com
6
    Attorneys for Defendant
7   DESERT PALACE, INC. d/b/a CAESARS PALACE

8                           UNITED STATES DISTRICT COURT

9                                 DISTRICT OF NEVADA

10

11
    UNITE HERE HEALTH, by and through
12  its fiduciary, Matthew Walker,
                                                  Case No. 2:13-cv-0069-GMN-PAL
13             Plaintiff,
                                                  **DEFENDANT DESERT PALACE, INC.'S**
14        v.                                      **SECOND AMENDED ANSWER AND**
                                                  **CROSS-CLAIM**
15  DESERT PALACE, INC. dba CAESAR'S
    PALACE, a Nevada corporation; BISTRO
16  CENTRAL, LV, LLC dba CENTRAL
    24/7, a Nevada limited liability company;
17  CARL HALVORSON, individually; JOHN
    DOES I-X, inclusive; ROE ENTITITES I-
18  X, inclusive,

19             Defendants.

20
    DESERT PALACE, INC. dba CAESAR'S
21  PALACE, a Nevada corporation,

22             Cross-Claimant

23        v.

24  BISTRO CENTRAL, LV, LLC dba
    CENTRAL 24/7, a Nevada limited liability
25  company,

26             Cross-Defendant.

27

28

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Defendant Desert Palace, Inc. (hereinafter "Defendant DPI") answers the Complaint (Dkt. #1) as follows:

1.      Answering Paragraph 1 of the Complaint, Defendant DPI admits that the Court has jurisdiction.   Defendant DPI denies all remaining allegations of Paragraph 1, including, but not limited to, any allegation that Defendant DPI violated any statute or law.

2.      Answering Paragraph 2 of the Complaint, Defendant DPI admits that venue is proper in this District.  Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 2 of the Complaint, which has the effect of a denial.

3.      Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the Complaint, which has the effect of a denial.

4.      Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of the Complaint, which has the effect of a denial.

5.      Answering Paragraph 5 of the Complaint, Defendant DPI admits that Defendant Bistro Central, LV, LLC ("Defendant Bistro") is a Nevada limited liability company doing business as a dining facility upon Defendant DPI's premises.  Defendant DPI denies the remaining allegations of Paragraph 5 of the Complaint.

6.      Answering Paragraph 6 of the Complaint, Defendant DPI admits that Defendant Carl Halvorson ("Defendant Halvorson") is an individual and the managing director of Defendant Bistro. Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 6 of the Complaint, which has the effect of a denial.

7.      Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of the Complaint, which has the effect of a denial.

8.      Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Complaint, which has the effect of a denial.

9.      Answering Paragraph 9 of the Complaint, Defendant DPI admits that it is a Nevada corporation doing business as Caesars Palace and denies all remaining allegations of Paragraph 9.

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

10.     Answering Paragraph 10 of the Complaint, to the extent said Paragraph solely contains allegations against unnamed Doe and Roe defendants, Defendant DPI is under no duty to respond because such allegations are not directed towards Defendant DPI. To the extent Defendant DPI has a duty to respond, Defendant DPI denies the allegations of said Paragraph.

11.     Answering Paragraph 11 of the Complaint, Defendant DPI states that the allegation that the Welfare Fund is an intended beneficiary of Caesars' CBA and the Trust Agreement calls for a legal conclusion; as such Defendant DPI has no duty to respond to said allegation.  To the extent Defendant DPI has a duty to respond to the allegation that the Welfare Fund is an intended beneficiary of Caesars' CBA and the Trust Agreement, Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of said allegation, which has the effect of a denial.  Defendant DPI asserts that it is not required to respond to the remaining allegations of Paragraph 11 of the Complaint because the documents referred to therein speak for themselves.  To the extent a response is required, Defendant DPI denies the remaining allegations of Paragraph 11.

12.     Defendant DPI asserts that it is not required to respond to the allegations of Paragraph 12 of the Complaint because the document referred to therein speaks for itself.  To the extent a response is required, Defendant DPI denies the allegations of Paragraph 12.

13.     Defendant DPI denies the allegations of Paragraph 13 of the Complaint.

14.     Defendant DPI asserts that it is not required to respond to the allegations of Paragraph 14 of the Complaint because the documents referred to therein speak for themselves.  To the extent a response is required, Defendant DPI denies the allegations of Paragraph 14.

15.     Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Complaint, which has the effect of a denial.

16.     Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Complaint, which has the effect of a denial.

17.     Answering Paragraph 17 of the Complaint, Defendant DPI admits that it tendered a check dated November 8, 2012 to Plaintiff in the amount of $145,660.77.  Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17, which has the effect of a denial.

TTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

18.     Answering Paragraph 18 of the Complaint, Defendant DPI admits that it tendered a check dated November 8, 2012 to Plaintiff in the amount of $145,660.77.  Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 18, which has the effect of a denial.

19.     Answering Paragraph 19 of the Complaint, Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth therein, which has the effect of a denial.

20.     Defendant DPI denies the allegations of Paragraph 20 of the Complaint.

21.     Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 of the Complaint, which has the effect of a denial.

22.     Answering Paragraph 22 of the Complaint, Defendant DPI repeats and re-alleges its answers to the allegations contained in Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23.     Defendant DPI denies the allegations of Paragraph 23 of the Complaint as to itself; Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 as to Defendant Bistro, which has the effect of a denial.

24.     Defendant DPI denies the allegations of Paragraph 24 of the Complaint.

25.     Defendant DPI denies the allegations of Paragraph 25 of the Complaint as to itself; Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 as to Defendant Bistro, which has the effect of a denial.

26.     Defendant DPI denies the allegations of Paragraph 26 of the Complaint.

27.     Defendant DPI denies the allegations of Paragraph 27 of the Complaint as to itself; Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27 as to Defendant Bistro, which has the effect of a denial.

28.     Defendant DPI denies the allegations of Paragraph 28 of the Complaint as to itself; Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 as to Defendant Bistro, which has the effect of a denial.

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

29. Defendant DPI denies the allegations of Paragraph 29 of the Complaint as to itself; Defendant DPI lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 as to Defendant Bistro, which has the effect of a denial.

30. Defendant DPI denies the allegations of Paragraph 30 of the Complaint.

31. Defendant DPI denies the allegations of Paragraph 31 of the Complaint.

32. Answering Paragraph 32 of the Complaint, Defendant DPI repeats and re-alleges its answers to the allegations contained in Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Answering Paragraph 33 of the Complaint, Defendant DPI is under no duty to respond because such allegations are not directed towards Defendant DPI. To the extent Defendant DPI has a duty to respond, Defendant DPI denies said allegations.

34. Answering Paragraph 34 of the Complaint, Defendant DPI is under no duty to respond because such allegations are not directed towards Defendant DPI. To the extent Defendant DPI has a duty to respond, Defendant DPI denies said allegations.

35. Answering Paragraph 35 of the Complaint, Defendant DPI is under no duty to respond because such allegations are not directed towards Defendant DPI. To the extent Defendant DPI has a duty to respond, Defendant DPI denies said allegations.

36. Answering Paragraph 36 of the Complaint, Defendant DPI is under no duty to respond because such allegations are not directed towards Defendant DPI. To the extent Defendant DPI has a duty to respond, Defendant DPI denies said allegations.

37. Answering Paragraph 37 of the Complaint, Defendant DPI is under no duty to respond because such allegations are not directed towards Defendant DPI. To the extent Defendant DPI has a duty to respond, Defendant DPI denies said allegations.

38. Answering Paragraph 38 of the Complaint, Defendant DPI repeats and re-alleges its answers to the allegations contained in Paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39. Defendant DPI denies the allegations of Paragraph 39 of the Complaint.

40. Defendant DPI denies the allegations of Paragraph 40 of the Complaint.

5.

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

41.     Answering Paragraph 41 of the Complaint, Defendant DPI denies that Plaintiff is entitled to any damages or remedies whatsoever, whether at law or in equity.

42.     Defendant DPI denies the allegations of Paragraph 42 of the Complaint.

43.     Defendant DPI denies the allegations of Paragraph 43 of the Complaint.

44.     Answering Plaintiff's "Prayer for Relief" on page 9 of the Complaint, Defendant DPI denies any and all allegations set forth therein and further denies that Plaintiff is entitled to any damages whatsoever.

45.     Defendant DPI denies any allegations of the Complaint which are not expressly admitted above.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by the applicable statutes of limitations.

3.     Plaintiff's claims are barred or limited to the extent that Plaintiff fails to provide appropriate information establishing that it had not received benefit contributions for each hour of covered labor.

4.     Plaintiff's damages, if any, were not caused by Defendant DPI, rather they were caused by Plaintiff, Defendant Bistro, Defendant Halvorson, or third parties.

5.     Plaintiff is seeking damages and penalties not in accordance with the terms and conditions of the applicable trust agreement.

6.     Plaintiff is seeking damages and penalties not in accordance with the terms of the Employee Retirement Income Security Act of 1974.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

6.

**CROSS-CLAIMANT DESERT PALACE, INC.'S CROSSCLAIM**

**AGAINST CROSS-DEFENDANT BISTRO CENTRAL, LV, LLC**

Pursuant to Federal Rule of Civil Procedure 13(g), Cross-Claimant Desert Palace, Inc. ("Cross-Claimant DPI") hereby crossclaims against Cross-Defendant Bistro Central, LV, LLC ("Cross-Defendant Bistro") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Cross-Claimant DPI is a Nevada corporation doing business in the State of Nevada.

2.      Cross-Defendant Bistro is a Nevada limited liability company doing business in the State of Nevada.

3.      This Court has original jurisdiction over Plaintiff's Complaint (Dkt. #1) filed January 14, 2013 because Plaintiff brings its claims pursuant to the Labor-Management Relations Act of 1947 and the Employee Retirement Income Security Act of 1974.  Thus, this Court has federal-question jurisdiction over the above-captioned matter.

4.      This Court has jurisdiction over Cross-Claimant DPI's Crossclaim against Cross-Defendant Bistro pursuant to 28 U.S.C. § 1367, which grants this Court supplemental jurisdiction over all related claims.

5.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b).

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

6.      Cross-Claimant DPI owns and operates real property more commonly known as Caesars Palace located at 3570 S. Las Vegas Boulevard in Las Vegas, Nevada.

7.      Effective January 18, 2011, Cross-Claimant DPI and Cross-Defendant Bistro entered into a valid and enforceable Lease Agreement that remains in full force and effect.

8.      Pursuant to the Lease Agreement, Cross-Defendant Bistro leased, and continues to lease, an area within Caesars Palace for the operation and management of a restaurant ("Leased Premises").

9.      Cross-Claimant DPI has a collective bargaining agreement ("CBA") with Culinary Union Local 226 ("Union").

TTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

7.

10.     In Article 5.12 of the Lease Agreement, Cross-Defendant Bistro acknowledged that Cross-Claimant DPI has a CBA with the Union and agreed to enter into an agreement with the Union and to comply with the terms of the CBA at all times.

11.     On December 16, 2011, Cross-Defendant entered into a Memorandum of Agreement ("MOA") with the Union and Cross-Claimant DPI whereby Cross-Defendant promised to abide by the CBA.

12.     Article 25 of the CBA requires that contributions be made to UNITE HERE Health (formerly the Hotel Employees and Restaurant Employees International Union Welfare Fund) ("Welfare Fund" or "Plaintiff") on a monthly basis for each hour worked, which is defined as "all hours for which an employee is compensated, including vacation and holiday hours paid for." Article 25 of the CBA also sets forth certain reporting requirements.

13.     On January 14, 2013, the Welfare Fund filed a Complaint against Cross-Defendant Bistro and Cross-Claimant DPI (Dkt. #1) alleging that Cross-Defendant Bistro breached the MOA and CBA by failing to pay Plaintiff monthly fringe benefit contributions.  Plaintiff's Complaint also claims interest, liquidated damages, and attorney's fees and costs.   Plaintiff asserts damages presently totaling $266,039.25, plus reasonable attorney's fees.

14.     Cross-Claimant DPI has already incurred legal expenses to defend itself in this matter and to prosecute this Crossclaim.

15.     Article 12.1 of the Lease Agreement requires Cross-Defendant Bistro to defend, indemnify, and hold Cross-Claimant DPI "harmless against and from any and all loss, cost, damage, liability, penalty, lien, cause of action or claim of third parties, (including attorney fees and expenses) occurring, suffered or incurred as a result of (a) [Cross-Defendant Bistro]'s use of the Leased Premises or the Premises, the conduct of [Cross-Defendant Bistro]'s operations, or any activity, work, construction or thing done, permitted or suffered by [Cross-Defendant Bistro] in or about the Leased Premises or the Premises (including, without limitation, any additions, alterations, changes, improvements effected with [Cross-Claimant DPI]'s approval); or (b) any other act or omission of [Cross-Defendant Bistro] or any of its officers, shareholders, directors, agents, employees, contractors or licensees."

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

16.    Cross-Defendant must "accept responsibility for the defense of any . . . claim [covered by Article 12.1's indemnity provision] within ten business days after receiving notice thereof."

17.    On or about February 13, 2013 through Carl Halvorson its managing director, Cross-Defendant Bistro received notice of the above-captioned lawsuit by the Welfare Fund against Cross-Claimant DPI and Cross-Defendant Bistro.

18.    By a letter dated February 21, 2013, Cross-Claimant DPI demanded that Cross-Defendant Bistro honor the defense, indemnification, and hold harmless provision of the Lease Agreement.  In accordance with section 24.1 of the Lease Agreement, Cross-Claimant DPI sent the February 21, 2013 demand letter to Nancy H. Kang, Esq., 6001 Montrose Road, Suite 404, Rockville, Maryland 20852.

19.    By a hand-delivered letter dated March 12, 2013 addressed to Cross-Defendant Bistro's counsel of record in the above-captioned lawsuit, Cross-Claimant DPI demanded that Cross-Defendant Bistro honor the defense, indemnification, and hold harmless provision of the Lease Agreement.

20.    Despite having notice of the Welfare Fund's claims against Cross-Claimant DPI in the above-captioned lawsuit, Cross-Defendant Bistro has failed and/or refused to honor the defense, indemnification, and hold harmless provision of the Lease Agreement.

21.    Upon information and belief, Cross-Defendant Bistro has failed and/or refused to correct its alleged noncompliance with the Lease Agreement, the MOA, and the CBA.

**FIRST CLAIM FOR RELIEF**

**(Indemnification)**

22.    Cross-Claimant DPI incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

23.    Cross-Claimant DPI denies that it has caused or contributed to any losses and/or damages alleged in Plaintiff's Complaint.  Cross-Defendant Bistro caused the damages, if any, that Plaintiff asserts in its Complaint.  If Cross-Claimant DPI is found to be liable under any legal theory for any of the alleged damages contained in the Complaint, then, based on the Lease Agreement,

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

9.

1 | Cross-Defendant Bistro must completely indemnify and hold Cross-Claimant DPI harmless for all

2 | damages for which Cross-Claimant DPI is found responsible.

3 |     24.    Cross-Claimant DPI has been required to retain the services of an attorney to defend

4 | against the allegations in Plaintiff's Complaint and prosecute this Crossclaim and has thereby been

5 | damaged.  Cross-claimant is, therefore, entitled to reasonable attorneys' fees and costs incurred.

6 | **SECOND CLAIM FOR RELIEF**

7 | **(Contribution)**

8 |     25.    Cross-Claimant DPI incorporates by reference Paragraphs 1 through 24 as if fully set

9 | forth herein.

10 |     26.    Cross-Claimant DPI is informed and believes that Cross-Defendant Bistro is

11 | responsible in whole or in part for any and all obligations, if any, owed to Plaintiff.  If Plaintiff

12 | recovers against Cross-Claimant DPI, then Cross-Claimant DPI is entitled to contribution from

13 | Cross-Defendant Bistro according to Cross-Defendant Bistro's share of any obligation owed to

14 | Plaintiff by way of any sums paid to Plaintiff via settlement and/or judgment.

15 | **THIRD CLAIM FOR RELIEF**

16 | **(Breach of Contract)**

17 |     27.    Cross-Claimant DPI incorporates by reference Paragraphs 1 through 26 as if fully set

18 | forth herein.

19 |     28.    Cross-Defendant Bistro and Cross-Claimant DPI entered into a valid and existing

20 | contract in the form of a Lease Agreement.

21 |     29.    Cross-Defendant Bistro breached the Lease Agreement by failing to comply with the

22 | obligation to make fringe benefit contributions to the Welfare Fund.

23 |     30.    Cross-Defendant Bistro breached the Lease Agreement by failing to honor its duty to

24 | defend Cross-Claimant DPI.

25 |     31.    Cross-Defendant Bistro breached the Lease Agreement by failing to honor its duty to

26 | indemnify and hold Cross-Claimant DPI harmless.

27 |     32.    Cross-Claimant DPI has sustained damages as a result of Cross-Defendant Bistro's

28 | breach of contract.

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

**FOURTH CLAIM FOR RELIEF**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

33.     Cross-Claimant DPI incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

34.     Cross-Defendant Bistro and Cross-Claimant DPI are parties to a contract in the form of a Lease Agreement.

35.     Cross-Defendant Bistro owed a duty of good faith to Cross-Claimant DPI to comply with the Lease Agreement, including the indemnity and duty-to-defend provisions as well as the obligation to comply with the MOA and CBA by making benefit contributions to the Welfare Fund.

36.     Cross-Defendant Bistro breached the duty of good faith by failing to defend and refusing to indemnify Cross-Claimant DPI as well as failing to comply with the MOA and CBA by not making monthly fringe benefit contributions to the Welfare Fund.

37.     Cross-Claimant DPI's justified expectations were thus denied by Cross-Claimant Bistro's breach of the duty of good faith.

WHEREFORE, Defendant/Cross-Claimant Desert Palace, Inc. prays for Judgment as follows:

A.     That Plaintiff take nothing by virtue of its Complaint and that the same be dismissed with prejudice;

B.     That Defendant/Cross-Defendant Bistro Central, LV, LLC be ordered to indemnify and/or contribute to any damages found to be due and owing to Plaintiff UNITE HERE Health by Defendant Desert Palace, Inc.

C.     That Defendant/Cross-Claimant Desert Palace, Inc. be awarded the amount of its damages incurred as a result of Defendant/Cross-Defendant Bistro Central, LV, LLC's breach of contract.

D.     That Defendant/Cross-Claimant Desert Palace, Inc. be awarded the amount of its damages incurred as a result of Defendant/Cross-Defendant Bistro Central, LV, LLC's breach of the implied covenant of good faith and fair dealing.

TTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

1    E.    That Defendant/Cross-Claimant Desert Palace, Inc. be awarded its reasonable

2    attorneys' fees and costs; and

3    F.    For such other and further relief as the Court deems just and proper.

4    Dated:  April __, 2013

5    Respectfully submitted,

6

7    _____
     RICK D. ROSKELLEY, ESQ.
8    DUSTIN L. CLARK, ESQ.
     LITTLER MENDELSON, P.C.

9    Attorneys for Defendant/Cross-Claimant
     DESERT PALACE, INC. d/b/a CAESARS
10   PALACE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

12.

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169-5937. On April __, 2013, I served the within document(s): **DEFENDANT DESERT PALACE, INC.'S SECOND AMENDED ANSWER AND CROSS-CLAIM**

☒     by serving the following parties electronically through CM/ECF.

☐     by facsimile transmission at or about _____ on that date. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐     by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐     by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Kevin B. Christensen | William R. Urga |
| Daryl E. Martin | L. Christopher Rose |
| Laura J. Wolff | Tyler N. Ure |
| 7440 W. Sahara Avenue | 3800 Howard Hughes Pkwy |
| Las Vegas, NV 89117 | Suite 1600 |
| Attorneys for Plaintiff | Las Vegas, NV 89169 |
| | Attorneys for Defendant/Cross-Defendant Bistro Central, LV, LLC |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business. I declare under penalty of perjury that the foregoing is true and correct. Executed on April __, 2013, at Las Vegas, Nevada.

_____
Maribel Rodriguez

Firmwide:119469655.1 013234.2401

TTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

# Exhibit C

# Exhibit C

1  WILLIAM R. URGA, ESQ.
2  Nevada Bar No. 1195
   Email:  wru@juww.com
3  L. CHRISTOPHER ROSE, ESQ.
   Nevada Bar No. 7500
4  lcr@juww.com
   TYLER N. URE, ESQ.
5  Nevada Bar No. 11730
   tnu@juww.com
6  JOLLEY URGA WIRTH
     WOODBURY & STANDISH
7  3800 Howard Hughes Parkway, Suite 1600
   Las Vegas, Nevada 89169
8  (702) 699-7500 Telephone
   (702) 699-7555 Facsimile
9  *Attorneys for Bistro Central, LV LLC dba*
     *Central 24/7 and Carl Halvorson*
10

11              **UNITED STATES DISTRICT COURT**

12                    **DISTRICT OF NEVADA**

13  UNITE HERE HEALTH, by and through its     Case No. 2:13-cv-00069-GMN-PAL
    fiduciary, Matthew Walker,
14                                                      **[PROPOSED]**
                                              **BISTRO CENTRAL, LV, LLC dba**
15                  Plaintiff,                **CENTRAL 24/7 AND CARL**
                                              **HALVORSON'S FIRST AMENDED**
16  vs.                                       **ANSWER TO COMPLAINT**

17  DESERT PALACE, INC. dba CAESAR'S
    PALACE, a Nevada corporation; BISTRO
18  CENTRAL, LV, LLC dba CENTRAL 24/7, a
    Nevada limited liability company; CARL
19  HALVORSON, individually; JOHN DOES I-
    X, inclusive; ROE ENTITIES I-X, inclusive,
20
                    Defendants.

21          Defendant Bistro Central LV, LLC ("Bistro") and Carl Halvorson (collectively,

22  "Defendants"), by and through their attorneys of record, Jolley Urga Wirth Woodbury &

23  Standish, hereby answer Plaintiff's Complaint (the "Complaint") as follows:

24          1.      Answering paragraphs 1, 2, 3, 4, 9, 10, 16, 17, 18, 19, 20, 21, 23, 24, 25, and 40

25  of the Complaint, Defendants are without sufficient information or knowledge to either admit or

26  deny the allegations contained therein.

27          2.      Answering paragraph 5 of the Complaint, Defendants admit the allegations

28  contained therein.

                            Page 1 of 4

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

3.      Answering paragraphs 8, 13, 15, 26, 41, and 43 of the Complaint, Defendants deny the allegations contained therein.

4.      Answering paragraphs 22, 32, and 38 of the Complaint, Defendants repeat each and every response contained in each paragraph of their Answer and incorporate the same by reference as though fully set forth herein.

5.      Paragraphs 27, 28, 29, 30, 31, 39, and 42 are legal conclusions to which no response is required, but to the extent a response is required Defendants deny the allegations contained therein.

6.      Answering paragraph 6 of the Complaint, Defendants admit that Halvorson is an individual and member of Bistro, and deny the remainder of the allegations contained therein.

7.      Answering paragraph 7 of the Complaint, Defendants admit that Halvorson is a member of Bistro and deny the remainder of the allegations contained therein.

8.      Answering paragraphs 11, 12, 14, and 33 of the Complaint, Defendants state that the documents speak for themselves and are without sufficient information or knowledge to either admit or deny the remainder of the allegations contained therein.

9.      Answering paragraph 34 of the Complaint, Defendants admit that Halvorson is a member of Bistro, deny that Halvorson is a fiduciary, and deny the remainder of the allegations contained therein.

10.     Answering paragraph 35 of the Complaint, Defendants deny that Halvorson is a fiduciary.  The remainder states legal conclusions to which no response is required, but to the extent a response is required Defendants deny those allegations.

11.     Answering paragraphs 36 and 37 of the Complaint, Defendants deny that Halvorson is a fiduciary and deny the remainder of the allegations contained therein.

12.     Any allegation not responded to above is hereby denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by the applicable statutes of limitations.

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

3.      Plaintiff is seeking damages and penalties not in accordance with the terms and conditions of the applicable trust agreement.

4.      Plaintiff is seeking damages and penalties not in accordance with the terms of the Employee Retirement Income Security Act of 1974.

7.      Defendant Halvorson is not a fiduciary.

8.      Plaintiff has failed to exhaust its ERISA plan remedies.


Dated this _____th day of April, 2013.

JOLLEY URGA WIRTH WOODBURY & STANDISH


By: _____
    WILLIAM R. URGA, ESQ.
    Nevada Bar No. 1195
    L. CHRISTOPHER ROSE, ESQ.
    Nevada Bar No. 7500
    TYLER N. URE, ESQ.
    Nevada Bar No. 11730
    3800 Howard Hughes Pkwy, Suite 1600
    Las Vegas, Nevada 89169
    Telephone No. (702) 699-7500
    Facsimile No. (702) 699-7555
    *Attorneys for Bistro Central, LV LLV dba*
      *Central 24/7 and Carl Halvorson*

Page 3 of 4

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

## **CERTIFICATE OF SERVICE**

This will hereby certify that I am employed in the County of Clark, State of Nevada, am over the age of 18 years and not a party to this action.  My business address is that of Jolley Urga Wirth Woodbury & Standish, 3800 Howard Hughes Parkway, 16th Floor, Las Vegas, Nevada  89169.

This is to certify that on March 11th, 2013, I electronically filed the **BISTRO CENTRAL, LV, LLC dba CENTRAL 24/7 AND CARL HALVORSON'S ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system, which will cause the document to be served upon all current counsel of record.

/s/ Kelly McGee
_____
An Employee of JOLLEY URGA WIRTH
WOODBURY & STANDISH

C:\Documents and Settings\tnu\My Documents\Dropbox\Cases\Bistro adv. Unite Here\13-03-07 Bistro Answer to Complaint.doc