1   **CHRISTENSEN JAMES & MARTIN**
    KEVIN B. CHRISTENSEN, ESQ. (175)
2   DARYL E. MARTIN, ESQ. (6375)
    LAURA J. WOLFF, ESQ. (6869)
3   7440 W. Sahara Avenue
    Las Vegas, Nevada 89117
4   Tel.: (702) 255-1718
    Fax: (702) 255-0871
5   kbc@cjmlv.com, dem@cjmlv.com, ljw@cjmlv.com
    *Attorneys for Plaintiff*
6
                        **UNITED STATES DISTRICT COURT**
7
                            **DISTRICT OF NEVADA**
8
                                  * * * * *
9
10  UNITE HERE HEALTH, by and through its          Case No.: 2:13-cv-0069-GMN-PAL
    fiduciary, Matthew Walker,
11
                         Plaintiff,                 **STIPULATED JUDGMENT
12                                                  AGAINST BISTRO CENTRAL, LV,**
    vs.                                            **LLC dba CENTRAL 24/7**
13
    DESERT PALACE, INC. dba CAESAR'S
14  PALACE, a Nevada corporation; BISTRO
    CENTRAL, LV, LLC dba CENTRAL 24/7, a
15  Nevada limited liability company; CARL
    HALVORSON, individually; JOHN DOES I-
16  X, inclusive; ROE ENTITIES I-X, inclusive,
17                       Defendants.
18          Pursuant to the express Stipulation for Entry of Judgment Against Bistro Central, LV,
19  LLC dba Central 24/7 and for Stay of Execution ("Stipulation") between the parties hereto, it is
20  hereby ORDERED, ADJUDGED and DECREED that:
21          1.      UNITE HERE HEALTH ("Plaintiff" or "Trust") shall take Judgment
22
    ("Judgment") against Defendant BISTRO CENTRAL LV, LLC ("Defendant" or "Bistro") only,
23
    in the total sum of Seven Hundred Sixty Four Thousand Two Hundred Seven and 71/100 Dollars
24
    ($764,207.71) ("Judgment Amount"), which includes all known pre-judgment damages owed to
25
    the Trust through the work month ending April 30, 2013, including fringe benefit contributions
26
27
28                                            1

owed, interest, liquidated damages, attorney's fees and costs.   The Judgment Amount shall accrue interest at the rate of 5.25% from the date of July 1, 2013 until paid in full.

2.     The Judgment Amount shall be paid to the Plaintiff as a third-party beneficiary under the terms of a written collective bargaining agreement and a memorandum of agreement between Desert Palace Inc. dba Caesar's Palace, Bistro and the Local Joint Executive Board of Las Vegas, for and on behalf of Culinary Workers Union, Local No. 226 and Bartenders Union, Local 165 ("CBA").  Plaintiff warrants and represents that it is authorized to receive payment of the Judgment Amount and that such payment goes toward satisfying Bistro's obligations under the CBA.  This Judgment includes settlement of all claims by the Plaintiff for fringe benefit contributions for hours worked by the employees of Bistro through the date of April 30, 2013, plus interest, liquidated damages, attorney's fees and costs.  Plaintiff and Bistro agree, however, that Plaintiff reserves the right for up to one (1) year from the date the parties execute this Judgment to perform an audit through the date of April 30, 2013 and to seek recovery of any additional amounts that may be owed as determined by such audit.  After one (1) year, provided Bistro cooperates and provides all documents necessary or appropriate for such audit, Plaintiff shall have no further audit rights or rights to seek additional amounts claimed to be owed through April 30, 2013.

3.     The Judgment Amount, including interest on the declining balance owed, shall be paid by the Defendant to the Plaintiff through twelve (12) monthly installments due on the first (1st) day of each month (except for the first payment, which shall be paid on July 8, 2013), or if the first day of the month is a weekend or a non-banking day, then on the first day thereafter that is not a weekend or non-banking day, with the first payment due on July 8, 2013, as follows:

a.   Payments One (1) through Eleven (11) shall be in the amount of Sixty Five Thousand Five Hundred Nine and 48/100 Dollars ($65,509.48) ("Monthly Payments"), commencing on July 8, 2013 and on the first (1st) of each month thereafter;

b.   Payment Twelve (12) shall be in the amount of $65,509.51 ("Final Payment") and shall be made on or before June 1, 2014.

Defendant shall have the right to prepay all or any portion of the Judgment Amount at any time without incurring a prepayment penalty.

4.   Payments toward the Judgment Amount shall be made payable to "UNITE HERE HEALTH" and shall be remitted to the Plaintiff's attorneys, Christensen James & Martin, c/o Daryl E. Martin, Esq., at 7440 W. Sahara Avenue, Las Vegas, NV 89117, or to such other location as Defendants are notified in writing.  Should any payment required herein be returned for insufficient funds, all subsequent payments shall be made using certified funds (cashier's check, money order).  Defendant shall also have the option of making all Monthly Payments and the Final Payment via wire transfer and Plaintiff, if requested, shall provide wire instructions/information to Defendant sufficient to enable Defendant to do so.

5.   As further consideration, to avoid any additional delinquencies and to fully resolve the legal claims asserted by the Plaintiff, while any portion of the Judgment Amount remains unpaid, Defendant shall timely pay all contributions that fall due and owing to the Plaintiff pursuant to the provisions of the CBA or any other collective bargaining agreement to which Defendant may be bound for covered labor performed by Defendant's employees. Defendant shall remit monthly reports to the Plaintiff listing hours worked by Defendant's covered employees and shall make corresponding contribution payments to the Plaintiff to pay

for the hours ("Current Obligations").  These reports and payments shall be delivered to the Plaintiff or its designee on or before the 15th day of the month following the calendar month in which the covered labor was performed.  The Current Obligations shall begin with reports and contributions owed for the May 2013 work month and remain until all other conditions and obligations under this Judgment are satisfied.  Bistro shall be afforded until July 15, 2013 to comply with the Current Obligations for the period between May 2013 and the period during which the Judgment is executed.  The failure to timely comply with the Current Obligations during the time the Judgment Amount remains outstanding shall be an event of default under this Judgment and Plaintiff shall be entitled to exercise all remedies provided in this Judgment, unless timely cured as permitted by Paragraph 7.  For clarity, this Judgment is not intended nor shall it create any rights or liabilities in the event of Defendant's failure to comply with any other agreement or obligations relating to any other fund other than Plaintiff/the Trust.

6.     The Stipulation and Judgment shall be filed with the Court immediately upon signature by all parties hereto and upon filing execution on the Judgment shall be stayed so long as Defendant complies with the obligations under this Judgment and has not failed to cure any default under this Judgment ("Stay of Execution").

7.     Should Defendant default in making the Monthly Payments, the Final Payment, or any payment required as part of the Current Obligations,  Plaintiff shall provide Defendant with a written Notice of Default  delivered via first class and certified mail to Bistro, Attention: Carl Halvorson, at 3570 Las Vegas Blvd., South, Las Vegas, NV 89109, with a copy to L. Christopher Rose, Esq., Jolley Urga Wirth Woodbury & Standish, 3800 Howard Hughes Parkway,  16th  Floor,  Las  Vegas,  NV  89169,  and  also  delivered  via  email  to carlhalvo@gmail.com and lcr@juww.com on the day of mailing.  If, within ten days after

Defendant's receipt of the Notice of Default Defendant fails to make the required payment(s) to cure the default, then:

      a.      The stipulated Stay of Execution on the Judgment shall automatically and immediately be terminated and Plaintiff shall have the right to file with the Court a Notice of Termination of Stay of Execution on the Judgment informing the Court that the Stay of Execution has been terminated by Defendant's Default and failure to cure;

      b.      any additional outstanding amounts owed under the Current Obligations, any accrued interest and liquidated damages associated therewith, plus any attorney's fees and costs incurred by the Plaintiff to collect the amounts owed under this Judgment, shall be added to the Judgment Amount (referred to as the "New Judgment Amount");

      c.      At the time of filing the Notice of Termination of Stay of Execution on the Judgment, Plaintiff shall also file an affidavit with the Court identifying all payments received (whether for the Monthly Payments, Final Payment, or Current Obligations) and the unpaid balance of the Judgment Amount plus any outstanding amounts owed under the Current Obligations in order to explain the basis for the New Judgment Amount;

      d.      Plaintiff shall have the immediate right to execute upon the Judgment for the New Judgment Amount without further notice to the Defendant or Order from the Court;

      e.      Plaintiff shall have the right to present the Judgment to Caesars Palace and to collect directly from Caesar's any receivables owed to Defendant by

Caesar's to the extent of the New Judgment Amount, and this Judgment shall constitute an Order of the Court directing Caesar's to pay any amounts due and owing to Defendant directly to the Plaintiff.    No additional writ need be issued by the Court or notice given to the Defendant prior to payment by Caesar's.

8.    In regard to Caesars:

    a.    Plaintiff and the Trust waive any and all rights to assert claims against Caesar's to the extent of any payments Plaintiff or the Trust receive from Caesars or Bistro;

    b.    Plaintiff and the Trust agree to hold Caesar's harmless from and against any claims arising out of payments of Defendant's receivables Caesar's may make to Plaintiff or the Trust.

    c.    Plaintiff asserts that Caesars is independently liable to Plaintiff for the same debts referenced in this Judgment.  However, Plaintiff and the Trust shall not pursue Caesars for any claims or amounts alleged owing unless Defendant fails to comply with the terms of this Judgment and Plaintiff is unable to satisfy the amounts owed under this Judgment through reasonable efforts to be paid any receivables owed to Defendant by Caesars.  Plaintiff reserves all rights it may possess against Caesars and will actively resume collection efforts against Caesars if Defendant fails to satisfy the Judgment.

9.    In regard to Carl Halvorson:

a.  Plaintiff and the Trust waive any and all rights to assert claims against Carl Halvorson to the extent of any payments Plaintiff or the Trust receive from Caesars or Bistro;

b.  Plaintiff asserts that Carl Halvorson is liable to Plaintiff for the same debts referenced in this Judgment, which Carl Halvorson disputes.  Plaintiff and the Trust shall not pursue Carl Halvorson for any claims or amounts alleged owing unless Defendant fails to comply with the terms of this Judgment and Plaintiff is unable to satisfy the amounts owed under this Judgment through reasonable efforts to be paid any receivables owed to Defendant by Caesars.  Plaintiff reserves all rights it may possess against Carl Halvorson and will actively resume collection efforts against if Defendant fails to satisfy the Judgment.  Carl Halvorson reserves all rights and defenses against Plaintiff;

10.    The following potential claims are reserved by the Trust: (i) any claims accruing after the effective date of this Judgment, claims by the Trust for additional contributions and related damages that may be due and owing to the Trust pursuant to the provisions of any CBA or Memorandum Agreement to which Defendant may be bound that requires the payment of contributions to the Trust Funds; (ii) all claims against any party other than Bistro, subject to the conditions set forth in this Judgment; (iii) any additional claims discovered by audit for debts alleged to be owed by Bistro relating to work performed by Bistro employees on or before April 30, 2013, so long as any such claims are asserted within one (1) year from the date the parties execute this Judgment; and (iv) any additional claims discovered by Audit for any future Audit period (May 1, 2013 and later).

7

11.    The Stipulation and this Judgment shall be considered one instrument and shall become binding when signed.  Signatures to the Stipulation and Judgment as provided via facsimile or scanned document shall be valid and shall be deemed the equivalent of original signatures.

12.    A Release and Satisfaction of Claims in favor of the Defendant shall not be executed nor delivered until all of Defendant's obligations under this Judgment have been fully performed.  When Defendant's obligations have been fully performed, Plaintiff shall execute and file a satisfaction of judgment and deliver a Release and Satisfaction of claims as to all defendants named in this action.

13.    Defendant has consulted the attorney of its choice and fully understands the obligations and consequences of this Judgment.

14.    This Judgment constitutes the entire agreement between the Plaintiff and the Defendant and shall supersede any and all prior oral and/or written representations, negotiations, understandings and agreements.

[signatures follow]

1

2

3

4

5

6   Dated:  July ___, 2013.                          Dated: July ___, 2013.

7   UNITE HERE HEALTH                                 BISTRO CENTRAL LV, LLC dba CENTRAL
                                                      24/7

8   By: _____                      By: _____
9   Matthew Walker, CEO                                    Carl Halvorson, Managing Member

10

11  Approved as to Form and Content:                  Approved as to Form and Content:

12  Dated:  July ___, 2013.                           Dated:  July ___, 2013

13  CHRISTENSEN JAMES & MARTIN                         JOLLEY URGA WIRTH WOODBURY &
                                                      STANDISH
14
15  By: _____                      By: _____

16  Kevin B. Christensen, Esq.                         L. Christopher Rose, Esq.
    Daryl E. Martin, Esq.                              Tyler Ure, Esq.
17  Laura Wolff, Esq.                                  Attorneys for Defendants
    Attorneys for Plaintiff                            BISTRO CENTRAL, LV, LLC
    UNITE HERE HEALTH                                  and CARL HALVORSON
18

19

20

21

22  **IT IS SO ORDERED**

23  Dated this 11th day of July, 2013.

24

25

26  _____
    UNITED STATES DISTRICT JUDGE
27

28
                                        9

Dated:  July ___, 2013.

UNITE HERE HEALTH

By: _____
Matthew Walker, CEO


Dated: July ___, 2013.

BISTRO CENTRAL LV, LLC DBA CENTRAL 24/7

By: _____
        Carl Halvorson, Managing Member


Approved as to Form and Content:

Dated:  July **B**, 2013.

CHRISTENSEN JAMES & MARTIN

By: *Daryl E. Martin*
Kevin B. Christensen, Esq.
Daryl E. Martin, Esq.
Laura Wolff, Esq.
Attorneys for Plaintiff
UNITE HERE HEALTH


Approved as to Form and Content:

Dated:  July ___, 2013

JOLLEY URGA WIRTH WOODBURY & STANDISH

By: _____
L. Christopher Rose, Esq.
Tyler Ure, Esq.
Attorneys for Defendants
BISTRO CENTRAL, LV, LLC
and CARL HALVORSON

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: July ___, 2013.

UNITE HERE HEALTH

By: _____
Andrea Flaherty, Senior In-House Counsel

Dated: July 9 , 2013.

BISTRO CENTRAL LV, LLC DBA CENTRAL 24/7

By: _____
Carl Halvorson, Managing Member

Approved as to Form and Content:

Dated:  July ___, 2013.

CHRISTENSEN JAMES & MARTIN

By: _____

Kevin B. Christensen, Esq.
Daryl E. Martin, Esq.
Laura Wolff, Esq.
Attorneys for Plaintiff
UNITE HERE HEALTH

Approved as to Form and Content:

Dated:  July 9 , 2013

JOLLEY URGA WIRTH WOODBURY & STANDISH

By: _____

L. Christopher Rose, Esq.
Tyler Ure, Esq.
Attorneys for Defendants
BISTRO CENTRAL, LV, LLC
and CARL HALVORSON

9

OATH AND VERIFICATION

STATE OF Nevada    )
                   : ss.
COUNTY OF Clark    )

     Carl Halvorson, as Managing Member of Bistro Central LV, LLC dba Central 24/7, being first duly sworn upon oath, now verifies and declares that:

    1.    Entry of this Judgment, according to its provisions, is duly authorized; and

    2.    The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

    Further affiant sayeth naught.

_____
Carl Halvorson as Managing Member of Bistro
Central LV, LLC dba Central 24/7

Subscribed and Sworn before me
this _8_ day of _July_, 2013.

_____
Notary Public

DEBRA K. BRUMFIELD
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 03-09-17
Certificate No: 05-94809-1

10