**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITE HERE HEALTH, by and through its fiduciary, Matthew Walker, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:13-cv-00069-GMN-PAL |
| vs. | ) ) | **ORDER** |
| DESERT PALACE, INC. dba CAESARS PALACE, a Nevada corporation; BISTRO CENTRAL, LV, LLC dba CENTRAL 24/7, a Nevada limited liability company; CARL HALVORSON, individually; JOHN DOES I-X, inclusive, ROE ENTITIES I-X, inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is the Joint Motion to Reopen Case (ECF No. 38) that was jointly filed by Plaintiff Unite Here Health ("Plaintiff") and Defendant Desert Palace, Inc. ("Caesars") (collectively, the "Joint Movants"). No opposition was filed.

Also pending before the Court is the Motion to Consolidate Cases (ECF No. 54) filed by Plaintiff. None of the Defendants filed an opposition.

**I.    JOINT MOTION TO REOPEN CASE**

Previously, the Court entered a stipulated order in which Plaintiff and Defendant Bistro Central, LV ("Defendant Bistro") stipulated to Judgment and Stay of Execution pending payment by Bistro of Plaintiff's claims. (Consent J., ECF No. 33.) Unfortunately, Defendant Bistro failed to pay according to the payment plan in the Consent Judgment. As a result, the Joint Movants request that the Court reopen the case to provide Plaintiff with an opportunity to litigate its claims against Caesars and to provide Caesars an opportunity to litigate its cross-claims.

Although Joint Movants styled this as a "joint" motion, they also indicated that Defendant Bistro Central, LV and Defendant Carl Halvorson declined to approve the motion to reopen the case. Plaintiff and Caesars filed this motion on September 23, 2013, and the time to file an opposition to the motion has long passed. (*See* Joint Mot. to Reopen Case, ECF No. 38 (providing a response deadline of October 10, 2013).) Nevertheless, neither Defendant Bistro Central, LV nor Defendant Carl Halvorson filed an opposition to this motion.

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. LR 7-2(d). Accordingly, given that no opposition was filed to this motion and for good cause appearing, the Court will grant the joint motion to reopen the case.

## II. MOTION TO CONSOLIDATE

The Court first notes that, as with the Joint Motion to Reopen Case, none of the Defendants filed an opposition to the Motion to Consolidate. Therefore, pursuant to Local Rule 7-2(d), Defendants have consented to the granting of this Motion. *See* D. Nev. R. LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

However, even in the absence of Local Rule 7-2(d), the Court finds good cause for consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) authorizes a court to consolidate actions that involve "common questions of law." Fed. R. Civ. P. 42(a). If the Court determines that common questions of law or fact are present, the Court must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result. *Huene v. United States*, 743 F.2d 703, 704 (1989).

Here, both cases involve "multi-employer employee benefit trust funds asserting claims under 29 U.S.C. §§ 1132(g) & 1145 to collect unpaid employee fringe benefit contributions."

(Mot. for Consolidation 7:1–3, ECF No. 54.) Plaintiff further asserts that "the allegations in [the two cases] pertain to the same employers and defendants and relate to the same employees who performed covered labor." (*Id.* at 7:13–14. *See generally id* at 7:5–21.) Thus, the Court finds that these cases involve the same questions of law and fact. Furthermore, the Court cannot find any reason that consolidation would cause prejudice to Defendants. Therefore, the Court GRANTS Plaintiff's Motion to Consolidate Cases. (ECF NO. 54.)

### III.     CONCLUSION

**IT IS HEREBY ORDERED** that the Joint Motion to Reopen Case (ECF No. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Consolidate (ECF No. 54) is **GRANTED**. This case (2:13-cv-00069-GMN-PAL) is consolidated with *Southern Nevada Culinary and Bartenders Pension Trust et al. v. Desert Palace, Inc., et al.*, Case No. 2:13-cv-01571-JAD-NJK. This case, *Unite Here Health v. Desert Palace, Inc., et al.*, Case No. 2:13-cv-00069-GMN-PAL, shall serve as the lead case.

**IT IS FURTHER ORDERED** that the pending motion in *Southern Nevada Culinary and Bartenders Pension Trust, et al. v. Desert Palace, Inc., et al.*, Case No. 2:13-cv-01571-JAD-NJK is hereby **DENIED without prejudice**. Specifically, the Second Motion for Judgment (ECF No. 17) filed by Plaintiffs is **DENIED with leave to re-file** in the lead case, 2:13-cv-00069-GMN-PAL.

**DATED** this __17__ day of April, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge