UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITE HERE HEALTH, | Case No. 2:13-cv-00069-GMN-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | (Mtn to Seal – Dkt. #63) |
| DESERT PALACE, INC., et al., | |
| Defendants. | |

This matter is before the court on Plaintiff Unite Here Health's Motion for Leave to File Under Seal (Dkt. #63) filed April 3, 2014. Plaintiff seeks leave to file certain information under seal in connection with its Motion for Property of Judgment Debtor to be Applied Toward Judgment (Dkt. #64). The court has considered the Motion for Leave to File Under Seal.

The Motion seeks an order pursuant to LR 10-5(b) permitting Plaintiff to file "information that Bistro and Halverson have designated as confidential, including a transcript of Judgment Debtor Examination and certain bank records." Motion at 2:14-18.

As an initial matter, the Plaintiffs' reliance on the court's Protective Order (Dkt. #69) is misplaced. As set forth in the court's Order (Dkt. #70), the court approved the parties' blanket protective order to facilitate discovery exchanges, and the court "has not found that any specific documents are secret or confidential." Order (Dkt. #44) at 2:2-3.

Plaintiff has not made a particularized showing of good cause to support sealing the documents. Plaintiff has not even identified the specific documents it wishes to file under seal. A party seeking to seal documents attached to non-dispositive motions must make a "particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). The court appreciates that the Motion to Seal was filed

1

to comply with Plaintiff's obligation to treat documents designated by opposing counsel as confidential, but a statement that Defendants have designated the documents as confidential does not establish good cause for sealing the documents attached to a non-dispositive motion filed with the court.

For these reasons,

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to File Under Seal (Dkt. #63) is DENIED WITHOUT PREJUDICE.

2. Defendants Bistro Central, LV LLC and Carl Halvorson shall have until **May 7, 2014,** to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing of good cause why the documents attached to Plaintiff's Motion for Property of Judgment Debtor to be Applied Toward Judgment should remain under seal.

3. Plaintiff's Motion for Property of Judgment Debtor to be Applied Toward Judgment (Dkt. #64) shall remain under seal until May 7, 2014. If Defendants fail to timely comply with this order, the Clerk of the Court is directed to unseal the documents to make them available on the public docket.

DATED this 25th day of April, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE